1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  DAMON LOUIS MATHEUS, | Case No. CV 11-6391-RGK (OP) |
| 12        Petitioner, | ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |
| 13  v. | |
| 14 | |
| 15  MIKE MARTELL, Warden, | |
| 16        Respondent. | |

17

18        **I.**

19        **INTRODUCTION**

20    On July 27, 2011, Damon Louis Matheus ("Petitioner") constructively

21  filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant

22  to 28 U.S.C. § 2254 ("Petition").[1] (ECF No. 1.)

23

---

24    [1] The prison mailbox rule holds that a habeas petitioner's state and federal

25  filings are constructively filed when turned over to prison officials for

26  forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The

27  Court has utilized the signature date on the current Petition as the relevant filing

28  date since the signature date is the earliest date on which Petitioner could have

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the
2 United States District Courts, the Court has examined the current Petition and
3 finds that it plainly appears from its face that Petitioner is not entitled to relief in
4 the district court.  Specifically, the Court finds that the Petition is subject to
5 dismissal as untimely.

## II.

## PROCEDURAL HISTORY

8    In July 11, 2005, Petitioner was convicted after a court trial in the Los
9 Angeles County Superior Court, case number PA046161, of driving in willful or
10 wanton disregard for safety of persons or property while fleeing from pursuing
11 police officer (Cal. Veh. Code § 2800.2).  The court also found true the
12 allegations that Petitioner had served three prior prison terms (Cal. Pen. Code §
13 667.5(b)), and had sustained five prior "strike" convictions (Cal. Penal Code §§
14 667(b)-(i), 1170.12).  On December 15, 2005, Petitioner was sentenced to a total
15 state prison term of twenty-five years to life.  (Pet. at 2; People v. Matheus, No.
16 B194676, 2007 WL 2137518, at *1 (Cal. App. July 7, 2007).)

17    On direct appeal to the California Court of Appeal, case number B194676,
18 Petitioner's counsel filed a request for an independent review of the record
19 pursuant to People v. Wende, 25 Cal.3d 436 (1979).  On July 26, 2007, after
20 examining the entire record, the court of appeal determined that no arguable
21 issues existed and affirmed the judgment.  (Id. at 3; Matheus, 2007 WL 2137518,
22 at *2; Official Records of California Courts.[2])

23    Petitioner did not file a petition for review in the California Supreme

---

turned the Petition over to the prison authorities for mailing.

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases. courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

1 | Court. (Id. at 3; Official Records of California Courts.)

2 |   On March 3, 2010, Petitioner filed a habeas corpus petition in the Los
3 | Angeles County Superior Court. On the same date, the superior court denied the
4 | petition. (Id. at 3, 4, Ex. A.)

5 |   On December 14, 2010, Petitioner filed a habeas corpus petition in the
6 | California Court of Appeal, case number B229453. On December 22, 2010, the
7 | court of appeal denied the petition. (Id. at 4, Ex. A; Official Records of
8 | California Courts.)

9 |   On January 20, 2011, Petitioner filed a habeas corpus petition in the
10 | California Supreme Court, case number S189990. On June 29, 2011, the
11 | supreme court denied the petition. (Id. Ex. A; Official Records of California
12 | Courts.)

13 |   For the reasons discussed below, Petitioner is ordered to show cause why
14 | the current Petition should not be dismissed with prejudice as untimely.

15 | **III.**
16 | **DISCUSSION**
17 | **A. Standard of Review.**

18 |   This Court may entertain a habeas application on behalf of a person who is
19 | in custody pursuant to a state court judgment and in violation of the Constitution,
20 | laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need
21 | neither grant the writ nor order a return if it appears from the application that the
22 | applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears
23 | from the face of the petition and any exhibits annexed to it that the petitioner is
24 | not entitled to relief in the district court, the judge must dismiss the petition and
25 | direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section
26 | 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also
27 | Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is
28 |

1 appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).  Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).  However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond.  Id.

**B.     The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

As stated above, on July 26, 2007, the California Court of Appeal affirmed the judgment in Petitioner's case, and he did not file a petition for review in the California Supreme Court.  (Pet. at 3; Matheus, 2007 WL 2137518, at *2; Official Records of California Courts.)  Consequently, his conviction became final forty days later, on September 4, 2007.  See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1).  As a result, Petitioner had until September 3, 2008, to file the current Petition.  28 U.S.C. § 2244(d)(1)(A).  Petitioner did not constructively file the current Petition until July 27, 2011, nearly three years beyond the limitation period.  Thus, unless Petitioner is entitled to statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

1    C.   **Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §**
2         **2244(d)(2).**
3         Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a
4    properly filed application for State post-conviction or other collateral review with
5    respect to the pertinent judgment or claim is pending shall not be counted toward
6    any period of limitation under this subsection." Patterson, 251 F.3d at 1247.
7         The United States Supreme Court has held the statute of limitations is
8    tolled where a petitioner is properly pursuing post-conviction relief. Carey v.
9    Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260
10   (2002). The period tolled includes the intervals between one state court's
11   disposition of a habeas petition and the filing of a habeas petition at the next
12   level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th
13   Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the
14   time the first state habeas petition is filed until the California Supreme Court
15   rejects the petitioner's final collateral challenge." Claims denied as untimely or
16   determined by the federal courts to have been untimely in state court will not
17   satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189,
18   192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-
19   23).[4]

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

5

1  As set forth above, Petitioner's limitation period ended on September 3, 2008. Petitioner did not file his first state habeas petition in the Los Angeles County Superior Court until March 3, 2010. (Pet. at 3, 4, Ex. A.) Petitioner is not entitled to statutory tolling for the time period this petition was pending pursuant to 28 U.S.C. § 2244(d)(2). Section 2244(d) does not permit the reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled to statutory tolling for the time period his habeas petitions were pending in the California Court of Appeal or the California Supreme Court. Thus, the Petition clearly appears to be untimely.

### D. Equitable Tolling.

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d

1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"). The face of the Petition does not set forth any facts showing that Petitioner is entitled to equitable tolling.

E.   **Alternate Start of the Statute of Limitations.**

   1.   **State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

   2.   **Newly Recognized Constitutional Right.**

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

The current Petition raises one claim based on Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). (Pet. at 5, Attach. at 1-4.) The Ninth Circuit has held that Cunningham did not announce a new rule of constitutional law within the meaning of Teague v. Lane, 489 U.S. 288, 109 S.

7

Ct. 1060, 103 L. Ed. 2d 334 (1989),[5] and therefore, Cunningham could be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). In Butler, the Ninth Circuit concluded that the result in Cunningham was clearly dictated by the Supreme Court's Sixth Amendment case law, in particular by Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), which was decided before the conviction of the petitioner in Butler became final. Butler, 528 F.3d at 628.

Although Butler held that Cunningham applied the existing rules from Blakely, the current Petition is still untimely. The decision in Blakely was issued on June 24, 2004. Here, Petitioner's conviction became final on September 4, 2007. Petitioner did not file his first state habeas petition in the Los Angeles County Superior Court until March 3, 2010, nearly six years after the Blakely decision was decided and nearly one and one half years after the limitation period had expired. Thus, Butler is inapplicable to Petitioner's case.

Moreover, assuming Cunningham announced a right newly recognized by the Supreme Court, the right must not only be newly recognized, but must also be made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). The Ninth Circuit has held that the rule in Apprendi is not retroactive to cases on collateral review. See Rees v. Hill, 286 F.3d 1103, 1104 (9th Cir. 2002) (Apprendi does not apply retroactively). The Ninth Circuit has also held that Blakely is not retroactively applicable to cases on collateral review. See Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) (concluding that Blakely does not apply retroactively to cases on § 2254 habeas review). Given that Cunningham applied the reasoning of Apprendi and Blakely to California's

---

[5] Under Teague, "old" rules of criminal procedure apply "both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." Whorton v. Bockting, 549 U.S. 406, 127 S. Ct. 1173, 1180, 167 L. Ed. 2d 1 (2007).

upper term sentencing scheme, it appears that the Supreme Court would likewise find that <u>Cunningham</u> does not apply retroactively. Thus, Petitioner cannot rely on <u>Cunningham</u> to bring this claim under 28 U.S.C. § 2244(d)(1)(C).

### 3. **Discovery of Factual Predicate.**

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## IV.

## **ORDER**

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

/ / /

1  Failure to comply with these requirements may result in the dismissal of
2  this action for failure to prosecute and/or failure to comply with a court order.
3  Failure to remedy the deficiencies discussed may also result in a recommendation
4  that the action be dismissed.

6  **IT IS SO ORDERED.**

8  DATED: August 11, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge